**Poore v Brown Harris Stevens Residential Sales, LLC**

2025 NY Slip Op 30161(U)

January 15, 2025

Supreme Court, New York County

Docket Number: Index No. 652218/2023

Judge: Lyle E. Frank

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:  **HON. LYLE E. FRANK**  PART  11M

*Justice*

-------------------------------------------------------------------------------X

CHRIS POORE

  Plaintiff,

- v -

BROWN HARRIS STEVENS RESIDENTIAL SALES, LLC,

  Defendant.

-------------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 652218/2023 |
| MOTION DATE | 09/13/2024 |
| MOTION SEQ. NO. | 005 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 005) 79, 80, 82, 84, 88 were read on this motion to/for  SUMMARY JUDGMENT(AFTER JOINDER .

Upon the foregoing documents, plaintiff's motion is denied.

## Background

*Factual History*

Chris Poore ("Plaintiff") is a licensed real estate broker who was working for Sotheby's when he was approached by the CEO of Brown Harris Stevens Residential Sales, LLC ("Defendant") with a job offer. In August of 2020 Plaintiff was given an offer letter (the "Offer Letter") that matched Plaintiff's current compensation and benefits and also guaranteed referrals, including for new developments. The day after the parties signed the Offer Letter, they also signed an Independent Agent Agreement (the "IAA"). The IAA purported to incorporate the Offer Letter, and in a relevant provision stated that "[Plaintiff] confirms that [Plaintiff] has been given the opportunity to review [Defendant's] Policies in detail and will keep abreast of all updates provided by [Defendant], which shall be binding on [Plaintiff]."

Roughly two years after joining, Plaintiff left his employment relationship with Defendant citing the lack of guaranteed referrals. A sale that Plaintiff was involved with ended

652218/2023   POORE, CHRIS vs. BROWN HARRIS STEVENS RESIDENTIAL SALES, LLC   Page 1 of 4
Motion No.  005

1 of 4

up closing after Plaintiff's departure, and in response Defendant reduced Plaintiff's commission according to terms found in their Policy Manual. In response, Plaintiff commenced this underlying suit in May of 2023, with two claims against Defendant: one for payment of sales commissions and attorneys' fees pursuant to New York Labor Law, and one for breach of contract for failing to honor the terms of the Offer Letter and IAA. Defendant filed a verified answer with counterclaims in July of 2023.

*Procedural History*

In September of 2023, Plaintiff made a motion for summary judgment on his two claims. This motion was denied as to the first claim but granted as to the second. Plaintiff then moved for reargument, which was granted. On reargument, the Court granted summary judgment for Plaintiff on the first cause of action, holding that "the Court does not see how the defendant will be able to establish beyond a reasonable doubt that policy manual was incorporated by reference into the original agreement that was signed prior to the plaintiff even knowing about the existence of the policy manual." Plaintiff now brings the present motion, seeking summary judgment on the counterclaims and to sever their first cause of action from the second, allowing for a judgment in sum certain on the first while discovery proceeds on the second.

**Standard of Review**

Under CPLR § 3212, a party may move for summary judgment and the motion "shall be granted if, upon all the papers and proof submitted, the cause of action or defense shall be established sufficiently to warrant the court as a matter of law in directing judgment in favor of any party." CPLR § 3212(b). Once the movant makes a showing of a prima facie entitlement to judgment as a matter of law, the burden then shifts to the opponent to "produce evidentiary proof in admissible form sufficient to establish the existence of material issues of fact which require a

**652218/2023   POORE, CHRIS vs. BROWN HARRIS STEVENS RESIDENTIAL SALES, LLC**      **Page 2 of 4**
**Motion No.  005**

2 of 4

trial of the action." *Stonehill Capital Mgt. LLC v. Bank of the W.*, 28 N.Y.3d 439, 448 (2016). The facts must be viewed in the light most favorable to the non-moving party, but conclusory statements are insufficient to defeat summary judgment. *Id.*

**Discussion**

Plaintiff argues that the Court's prior holding when granting summary judgment on the first cause of action necessarily implies that the Policy Manual is not binding at any time on Plaintiff, and therefore there is no basis for the counterclaims. Plaintiff faces two problems with this motion. The first is that Plaintiff could have easily moved for summary judgment in their favor on the counterclaims at the same time that they moved for summary judgment on their own claims. The line of reasoning is similar, in that both motions rely on Plaintiff's argument that the Policy Manual is not binding on him and that the terms of his Offer Letter and IAA control. In New York, "it is axiomatic that successive summary judgment motions are disfavored." *Priester v. Phanor*, 228 A.D.3d 593, 594 (1st Dept. 2024).

The second problem that Plaintiff faces is that there are issues of fact remaining on the counterclaims. While this Court held that, at the time of signing the IAA, the Policy Manual could not have been incorporated by reference and binding on Plaintiff, given the fact that he did not have the opportunity to review it before signing, that does not mean that the Policy Manual could never have been binding on Plaintiff. The IAA states that Plaintiff would "keep abreast of all updates provided by [Defendant], which shall be binding on [Plaintiff]." It is not settled when Plaintiff became aware of the changes to the Policy Manual during his employment, or when the policies that underpin the counterclaims would have become binding on Plaintiff. For the reasons given above, Plaintiff here has failed to meet their burden on a summary judgment motion. Because of the outstanding counterclaims, the Court does not find that judicial economy would

**652218/2023   POORE, CHRIS vs. BROWN HARRIS STEVENS RESIDENTIAL SALES, LLC**            **Page 3 of 4**
**Motion No.  005**

3 of 4

favor severing the first cause of action and awarding a judgment on that claim. Accordingly, it is hereby

ADJUDGED that plaintiff's motion for summary judgment and to sever is denied.

20250115160749LFRANKC4AEE60C619D45449118757EDC74932A

__1/15/2025__
__DATE__

__LYLE E. FRANK, J.S.C.__

| CHECK ONE: | | CASE DISPOSED | X | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|
| | | GRANTED | X | DENIED | | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | | REFERENCE |

**652218/2023   POORE, CHRIS vs. BROWN HARRIS STEVENS RESIDENTIAL SALES, LLC**
**Motion No.  005**

Page 4 of 4

[* 4]

4 of 4